[Department Two. — June 4, 1883.]

## IN THE MATTER OF THE ESTATE OF HENRY C. HUDSON, Deceased.

ADMINISTRATION — DECREE OF DISTRIBUTION — JURISDICTION OF PROBATE COURTS — JURISDICTION OF SUPERIOR COURTS AS SUCCESSORS. — Letters testamentary were issued in New Jersey and in this State. The administration in this State being completed, and the court finding that there were funds enough in the hands of the executor in New Jersey to satisfy the legacies to persons outside of this State, distributed the estate and discharged the executor. After six years the legatees in New Jersey filed a petition in the Superior Court, as successor of the Probate Court, alleging the inadequacy of the funds in the hands of the New Jersey executor to pay their legacies, and praying that the decree be set aside on account of false representations made to the court by the resident executor. *Held,* (1), that such decree is not void for want of jurisdiction; (2), that the Probate Courts had no jurisdiction to entertain a petition by a legatee to set aside a decree of distribution, after the time specified in section 473 of the Code of Civil Procedure, for fraud or imposition by false representations to the court; nor has the jurisdiction of the Superior Courts, as succeeding to the powers of the Probate Courts, been enlarged in this regard. Courts of equity can afford the proper relief.

APPEAL from an order and judgment of the Superior Court of the city and county of San Francisco sustaining the demurrer to and dismissing the petition to set aside the decree of distribution.

The facts sufficiently appear in the opinion of the court.

*Hammond & Wright.* for Appellants.

The decree of distribution is in excess of the jurisdiction of the court, and is void on its face. The California court of probate could have no jurisdiction to determine that there were

assets enough in New Jersey to pay the legacies there. (Story's Conflict of Laws, 422, 424, 429, 513, 586 ; *Jackson* v. *Johnson*, 34 Ga. 511 ; *Fay* v. *Haven*, 3 Met. 109–114 ; *Sparks* v. *White*, 7 Humph. 86 ; *Vermilya* v. *Beatty*, 6 Barb. 429 ; Story's Eq. Pl. 179 ; *Ex parte Lange*, 18 Wall. 175.)

The power of courts of probate to set aside their decrees for fraud in a suit by citation is in other States as unquestioned as that of the court of chancery to set aside any common-law judgment for fraud. (Gary on Probate of Wills, 608 ; *Waters* v. *Stickney*, 12 Allen, 11 ; *Sever* v. *Russell*, 4 Cush. 513-518 ; *Jennison* v. *Hapgood*, 7 Pick. 7 ; *Paine* v. *Stone*, 10 Pick. 76 ; *Gould* v. *Gould*, 3 Story, 519 ; *Morgan* v. *Dodge*, 44 N. H. 255.)

*A. N. Drown*, for Respondent, argued that the decree is final and that the court had no jurisdiction of the subject-matter of the petition or the parties. (Citing, *Estate of Garraud*, 36 Cal. 279, 280 ; *Ex parte Smith*, 53 Cal. 204 ; *Wheeler* v. *Bolton*, 54 Cal. 302 ; *Reynolds* v. *Brumagim*, 54 Cal. 254 ; § 1908, Code Civ. Proc. ; § 1686, Code Civ. Proc. ; *Estate of Dall*, Myrick's Prob. Rep. 159.)

That a bill in equity is the only proper remedy. (*Chester* v. *Miller*, 13 Cal. 560.) That the decree is not void, but at most merely erroneous, and could have been corrected only by appeal. (*Ex parte Lange*, 18 Wall. 175.)

MYRICK, J. — Henry C. Hudson, a resident of New Jersey, died in that State December 6, 1871 ; his will was admitted to probate, in that State, December 28, 1871, and on the 28th of April, 1872, an exemplified copy was admitted to probate in this State. William H. Brokaw received letters testamentary in New Jersey, and C. C. Burr in this State. The will bequeathed to the present petitioners, residing in New Jersey, $4,700, to persons residing in San Francisco, $4,100, and to other persons, $5,300. The remainder, if any, after the payment of debts and legacies, was to go to the widow of deceased. In January, 1874, the administration in this State being completed, the Probate Court, after finding that the estate here in the hands of the executor was equivalent in value to $13,914.08,

after paying all debts and the legacies to persons residing in
California, and was community property, and that there was
then in the hands of the executor in New Jersey abundant
property to satisfy the legacies to persons residing out of Cal-
ifornia, and all debts to persons residing out of this State, and
the expenses of administration, distributed the residue in this
State to the widow of deceased, Mary Hudson; and on the pro-
duction of her receipt the executor here was discharged. In
1880, more than six years after the distribution and discharge,
the petitioners presented their petition, asking that the decree
of distribution and the discharge be set aside, and that a suffi-
cient sum of the California assets be turned over to the New
Jersey executor to pay the balances of the legacies now left
unpaid. The petition avers that ten per cent of the legacies
have been paid out of the New Jersey assets. It appears by
the petition that on a settlement of the accounts of the New
Jersey executor there remained in his hands $5,441.63.

The petitioners aver that certain of them, acting for them-
selves and others, addressed letters to Burr, before and after his
application for distribution, regarding the progress of his admin-
istration, and received information except as to the proceedings
for distribution. It thus appears that they had actual knowl-
edge of the administration here, and could before distribution
have made such application as would have been necessary to
protect their rights. It appears that they relied upon Burr,
and they complain that he misled them.

The petition was demurred to (after due service upon them
of citation) by the said Mary Hudson and C. C. Burr, upon the
grounds that the court had no jurisdiction of either of them, or
of the subject-matter of the petition; all other grounds of
objection were waived.

We are of opinion that the demurrer was well taken, upon
the ground that the court had no jurisdiction of the subject-
matter of the petition. By section 1667 of the Code of Civil
Procedure the Probate Court was authorized, on proceedings for
distribution, *in case it was necessary*, to order the money here to
be remitted to the New Jersey executor to pay legacies there.
The fact that such action could be had in case it was necessary
implies, of course, the right to hear and determine as to the

necessity; and we must presume that the court heard proof that the New Jersey assets were ample to pay all there. Therefore, the decree is not void on its face. Section 1666 of the Code of Civil Procedure makes the decree of the Probate Court on distribution conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal. Under the late Constitution, the Probate Courts were to have such jurisdiction as should be prescribed by law. There is no provision of the statute which gave to the Probate Court jurisdiction to entertain, after a decree of distribution and discharge (and after the time specified in section 473 of the Code of Civil Procedure), a petition to set aside the decree for fraud, or because the court had been imposed upon by false testimony. The jurisdiction of the Superior Courts, as succeeding to the powers of the Probate Courts, is not enlarged in this regard. In such cases, courts of equity have jurisdiction to afford proper relief; and if it be true that, by means of false testimony, the Probate Court was imposed upon, and induced to make a decree which it would not otherwise have made, doubtless a court of equity can charge the distributees as trustees.

It is proper to remark that we are not passing upon the power of the Probate Courts, or of the Superior Courts as successors, to entertain applications to afford relief pending the administration. We are passing upon the statute making the decree of distribution final.

Judgment affirmed.

THORNTON, J.. and SHARPSTEIN, J., concurred.