[No. 12969.  In Bank. — August 2, 1889.]

## IN THE MATTER OF THE ESTATE OF ROBERT T. ARM-STRONG, DECEASED.

HOMESTEAD — ESTATE OF DECEDENT — SURVIVING SPOUSE ENTITLED TO ALTHOUGH THERE ARE NO MINOR CHILDREN. — Under section 1465 of the Code of Civil Procedure, as amended in 1880, when no homestead was selected during the lifetime of the decedent, the court is authorized to set one apart for the use of the surviving spouse, although there are no minor children.

ID. — DIFFERENT TRACTS OF LAND WIDELY SEPARATED CANNOT BE INCLUDED IN HOMESTEAD. — Different tracts of land which are separated one from the other by a distance of fifty miles cannot be occupied and used together for the purposes of a homestead; and cannot be selected as such or set apart by the court in proceedings for the settlement of a decedent's estate.

APPEAL from an order of the Superior Court of Tulare County setting apart a homestead.

The facts are stated in the opinion.

*Lamberson & Taylor*, for the Heirs and Appellants.

The different tracts of land in question could not be joined in a homestead. (Civ. Code, sec. 1237; *King* v. *Gotz*, 70 Cal. 236; *In re Crowey*, 71 Cal. 302.)

*Justin Jacobs*, and *J. A. Burns*, for the Widow and Appellant.

The widow was entitled to a homestead, although there were no minor children. (*Kearney* v. *Kearney*, 72 Cal. 591.)

BELCHER, C. C.—The deceased left surviving him a widow, Armilda Armstrong, but no children. His estate was all community property, and consisted of certain personal property and two tracts of land, one containing eighty and the other one hundred and sixty acres. These tracts were situated about fifty miles apart, and the value of both of them was less than five thousand dollars. Prior to his death the deceased resided with his wife on the eighty-acre tract, and afterwards the widow continued to reside thereon. No homestead was ever selected by either husband or wife during the lifetime of deceased. In due time the widow presented to the court having jurisdiction of the estate a petition asking to have both tracts set apart to her as a homestead, under the provisions of section 1465 of the Code of Civil Procedure. The application was opposed by nine relatives and heirs at law of deceased, on the grounds,—1. That the petition did not show that any homestead was ever selected, designated, or recorded during the lifetime of deceased; and 2. That the petition did not show that there were any minor children of the petitioner or of the deceased. The court made an order setting apart as a homestead to the petitioner the eighty-acre tract on which she resided, and refused to set apart to her the other tract.

Both parties have appealed from the order.

It is urged on behalf of the opposing heirs that since the amendment of section 1465 in 1880, the court has had no power, where no homestead was selected during the lifetime of the decedent, to set apart a homestead to a surviving husband or wife, unless there were minor

children.   The section as amended reads as follows:
" Upon the return of the inventory, . . . . the court may,
on its own motion, or on petition therefor, set apart
for the use of the surviving husband or wife . . . . the
homestead selected, designated, and recorded. . . . . If
none has been selected, . . . . the court must select, des-
ignate, and set apart, and cause to be recorded, a home-
stead for the use of the surviving husband or wife and
the minor children," etc.   It is claimed that the words
"*and* the minor children" limit the power of the court
so that it can make no order unless there are such chil-
dren.   But we think it clear that the words have no such
meaning or effect.   The sentence means only that a home-
stead is to be set apart for the use of the surviving hus-
band or wife *and the minor children,* when there are minor
children, and is not to be construed as limiting the power
of the court to set apart a homestead for the use of the
surviving husband or wife when there are no such chil-
dren.   That this is so is made evident by section 1468
of the same code, which provides that "when property
is set apart for the use of the family, in accordance with
the provisions of this chapter, if the decedent left a widow
or surviving husband, and no minor child, such property
is the property of the widow or surviving husband."

There was no error, therefore, in the ruling complained
of by the heirs.

As to the ruling complained of by the widow: A
homestead consists of a dwelling-house in which the
claimant resides, and the land on which the same is sit-
uated.   (Civ. Code, sec. 1237.)   In *In re Noah,* 73 Cal.
592, it is said: "It may be conceded that the real prop-
erty set apart as a homestead to the surviving husband
or wife by order of the court need not be actually occu-
pied at the time when the order is made.   But it would
seem that it must be property which could have been
selected as a homestead during the continuance of the
marriage."   Now, as the two tracts of land which the

widow asked to have set apart to her were separated one from the other by a distance of some fifty miles, it is evident that they could not both have been selected as a homestead prior to the death of the decedent. If separate parcels of land are selected as a homestead, and such a selection may perhaps be made, they must at least be so near together that they can be occupied and used for the purposes of the homestead. And in this respect there is no difference between a homestead set apart by the court and one selected under the homestead law.

We conclude, therefore, that the rulings of the court were proper, and that the order appealed from should be affirmed, but without costs to either side.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed, without costs to either side.