[No. 12999. Department Two. — March 27, 1891.].

IN THE MATTER OF THE ESTATE OF JOEL NOAH, DECEASED.

HUSBAND AND WIFE — AGREEMENT FOR SEPARATION — ESTATE OF DE-
CEASED HUSBAND — RIGHT OF WIFE TO FAMILY ALLOWANCE. — A wife
who has voluntarily entered into a valid agreement with her husband
for separation, whereby, in consideration of certain money paid, she
waived all other claims upon her husband, and has voluntarily continued
to live apart from him, without any attempt to set aside the agreement,
or to assume again their matrimonial relations, or to demand further
means for her separate support, ceases to be a member of the immediate
family of the husband, and upon his death is not entitled to a family al-
lowance out of his estate.

ID. — CONCEALMENT OF HUSBAND'S ESTATE — DISTRIBUTION — DISCHARGE
OF EXECUTORS — PETITION OF WIFE TO VACATE ORDERS — APPEAL —
PARTY AGGRIEVED. — The wife thus separated from her husband is not
a "party aggrieved" by the action of the court in refusing, upon her peti-
tion, to arrest all proceedings and to vacate its order of distribution and
discharge of the executors, though her petition state under oath that a
large part of the deceased husband's estate had been concealed and with-
held from administration, and she has no right to appeal from the order
refusing to grant her petition.

APPEAL from an order of the Superior Court of the
city and county of San Francisco dismissing a peti-
tion for a family allowance.

The facts are stated in the opinion, and in the decision
rendered upon the former appeal, reported in 73 Cal. 583.

*Henry E. Highton,* for Appellant.

*Pillsbury & Blanding,* for Respondent.

BELCHER, C. — Most of the questions involved in this
case were considered and passed upon in the case of the
same title reported in 73 Cal. 583. It is now further
shown that one of the executors of Joel Noah's will,
William M. Morris, died on the 1st of October, 1887;
that the two surviving executors proceeded to settle up
the estate; that on the 29th of November, 1887, they
presented and filed their final account, with a petition

praying that the account be settled and the estate in their hands be distributed; that on the 12th of December following, after due and regular notice, the matter came on to be heard, and no objection being made thereto, a decree in due form of law was made and entered, settling and allowing the accounts of the executors, and distributing all of the estate remaining in their hands, and that afterwards, on the fourteenth day of May, 1888, a decree in proper form was made and entered, discharging the executors from all liability to be incurred thereafter by them.

The appellant, as widow of Joel Noah, deceased, commenced this proceeding by filing in the superior court, on the 12th of June, 1888, her petition, praying that the decree settling the final account of the executors and distributing the estate be vacated and set aside, and that she, as such widow, be allowed out of the estate of deceased, for her support and maintenance, the sum of one hundred dollars per month, to take effect from his death, on the 28th of August, 1883.

The petition sets out all the proceedings in the former case, and then, to show that the petitioner is now entitled to the relief prayed for, proceeds to state "that the inventory and appraisement of the property of the said deceased, returned and filed herein on the thirteenth day of November, 1883, by the executors of said estate as aforesaid, was false and untrue, in this: That said inventory and appraisement did not include and set forth the following described property belonging to said deceased, to wit: Cash in the hands of said William M. Morris, one of the executors, to the amount of $8,550; United States bonds in the hands of said William M. Morris, belonging to said deceased, to the amount of $10,000; cash on deposit in the London and San Francisco Bank, Limited, belonging to said deceased, to the amount of $20,000, which was drawn out of said bank by said Morris after the death of said deceased, on a power of attorney

which was rendered void by the death of said deceased; that when the said inventory and appraisement was returned to and filed in this court, the said William M. Morris, one of said executors, knew that the money and property described in the last preceding paragraph belonged to said deceased, and knew that the same should have been described, set forth, and included in said inventory, but the said William M. Morris, knowingly, deceitfully, and fraudulently, and for the purpose of deceiving and defrauding your petitioner and the court, did not disclose his possession thereof, and omitted to include the sums, or any part thereof, in said inventory, in order to impose upon the court, and in order that the action and decision of this court might be influenced and prejudiced against your petitioner, and in order that the court might be made to believe that the estate of the said deceased was smaller than it really was. And the said William M. Morris then and there, and thereafter, connived and conspired with the devisees under the will of said deceased to deceive and impose upon this court, by agreeing upon a secret and clandestine distribution of said money and property in the hands and under the control of the said Morris, as aforesaid, and the same was, in pursuance of said fraudulent, collusive, and clandestine agreement, thereafter distributed by said Morris to said devisees without the knowledge or consent of this court."

The petition also states that the petitioner did not learn of these facts until on or about the 5th of May, 1886, and that, notwithstanding she exercised all the diligence in her power in searching for and collecting testimony to establish them, she did not succeed, and could not have succeeded, in doing so until immediately before the 12th of December, 1887, and that it was impossible for her to cause to be prepared and filed a new petition, asking for an allowance, before the decree of distribution was made and entered.

The executors demurred to the petition, on the ground that it did not state facts sufficient to entitle the petitioner to the relief prayed for, or to any relief. And when the petition came on to be heard, the executors, by their counsel, moved the court for a dismissal thereof, upon the ground that a decree of distribution had been duly given, made, and filed; that the executors had been discharged from all their liabilities as such executors; that the court had no jurisdiction to hear the petition; and also because the whole matter was *res adjudicata.* The court granted the motion, and entered an order dismissing the petition. From that order this appeal is prosecuted.

In *Willis* v. *Farley,* 24 Cal. 491, it appeared that an action was commenced to foreclose a mortgage against the property of an estate, and process was served on one Shirley, as administrator, after the estate had been distributed and the administrator discharged. It was said: "When that action was commenced and the decree was entered, there was no such administrator, and hence the whole proceeding was of no binding validity; it was, to all intents and purposes, a nullity, for by the discharge of the administrators they were as completely separated from the business of the estate as if they had been dead; and J. M. Shirley had no right to appear in or be a party to any suit as the representative of the estate, which had passed from his hands, and respecting which his authority had long before then wholly ceased."

It is claimed for appellant that that case is unlike this, and not in point, because here there was a direct application to have the discharge set aside on the ground that part of the estate had been concealed and kept back. But under the circumstances shown, we fail to see how this fact can in any way aid the appellant.

On the former appeal it was held that under the statute only those who were the immediate family of the deceased, and were by law entitled up to his death to

look to him for support and protection, could claim any allowance for support out of the estate. And the court, after reviewing the authorities, said (73 Cal. 589): "It is enough to say that — since the appellant voluntarily made an agreement with her husband, for separation, such as our law authorizes, received and enjoyed the benefits of the money paid for her support during the separation, and voluntarily continued to live apart from him without any attempt to set aside the agreement or to assume again the matrimonial connection, or even to demand further means for her separate support — the court below was justified in holding· that the petitioner did not constitute the immediate family of the deceased, to whom was to be continued, during the settlement of the estate, the 'reasonable support' which the husband, in ordinary cases, is presumed to furnish his wife."

As is readily seen, the decision did not depend upon the amount or value of the estate, but rested solely upon the fact that the petitioner, under the statute, was not entitled to the relief demanded. Now conceding, as claimed, that it was the duty of the court below, when informed under oath, even by a stranger, that a large part of the estate had been concealed and withheld from administration, to arrest all proceedings until the truth or falsity of the accusation should be ascertained, and if found to be true, to vacate its order of distribution and discharge, still appellant's rights were in no way affected by the action of the court, and she was not thereby "aggrieved."

It results, we think, that the appellant's petition was properly dismissed, and we advise that the order be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Hearing in Bank denied.