[No. 14782.   Department Two. — November 10, 1892.]

# I. G. WICKERSHAM, APPELLANT, v. SARAH COM= ERFORD ET AL., RESPONDENTS.

HUSBAND AND WIFE — AGREEMENT FOR SEPARATION — ESTATES OF DECE‑ DENTS — FAMILY ALLOWANCE — HOMESTEAD. — A wife separated from her husband in accordance with the terms of a written agreement of separation is not a member of his family, and is not entitled, upon his death, to a family allowance out of his estate, under sections 1465, 1466, and 1468 of the Code of Civil Procedure, nor is she entitled to have a homestead set apart from his separate property, even for a limited period.

ID. — AGREEMENT FOR SEPARATE PROPERTY — EFFECT OF SEPARATION — SELECTION OF HOMESTEAD. — An agreement between a husband and wife for a separation and division of the community property, by the terms of which each party relinquished all right to the share allotted and assigned to the other, the wife agreeing that the sum allotted to the husband should be his separate estate, and that as to it she " relin‑ quishes all right as his wife, in law or equity, or by descent, and each party shall have hereafter no claim upon the other for support or sus‑ tenance," is fully authorized by sections 158 and 159 of the Civil Code, and is binding upon the parties, and deprives the wife of the right there‑ after to select a homestead out of the husband's separate property, either during his life or after his death.

ID. — PROBATE HOMESTEAD. — No property can be set apart as a probate homestead which might not have been dedicated as such under the home‑ stead act immediately preceding the death of the deceased.

ID. — SETTING ASIDE ORDER FOR PROBATE HOMESTEAD — ACTION BY CREDITOR OF ESTATE — PLEADING — FRAUD UPON COURT. — A com‑ plaint, in an action by a creditor of the estate of a decedent to set aside an order setting apart a probate homestead to the defendant as the widow of a deceased, which charges a willful suppression of a material truth and the suggestion of a falsehood by the defendant, with intent to de‑ ceive and mislead the court, to the prejudice of the creditors of the es‑ tate, and avers that such suppression and suggestion had the intended effect, to the injury of the plaintiff, who was one of such creditors, states facts constituting fraud of which the plaintiff is entitled to complain.

ID. — SUIT BY CREDITOR WHOSE CLAIM IS UNALLOWED — INADEQUATE REMEDIES. — A creditor of an estate whose claim against the estate has not been allowed, and who claims that an order setting apart a home‑ stead to the widow of the deceased has been procured by fraud, is en‑ titled to bring an action in equity to set aside and annul it upon the ground of fraud, and is not restricted to an appeal from the order, or to a motion to vacate the order, both of which are inadequate remedies.

APPEAL from a judgment of the Superior Court of Sonoma County.

The facts are stated in the opinion.

*Lippitt & Lippitt,* for Appellant.

The agreement of separation was valid and binding. (Civ. Code, secs. 159, 160.) The court cannot set apart as a probate homestead property which could not have been selected as a homestead during the life of the deceased spouse. (*Estate of Noah,* 73 Cal. 583–590; 2 Am. St. Rep. 829; *Estate of Armstrong,* 80 Cal. 71; *Estate of Ackerman,* 80 Cal. 208; 13 Am. St. Rep. 116; *Estate of Walkerly,* 81 Cal. 582; *Estate of Noah,* 88 Cal. 472.) Upon a deed of separation between a husband and wife and a partition of the property, the wife loses all right to the estate of her husband. (*Estate of Noah,* 73 Cal. 583; 2 Am. St. Rep. 829; *Appeal of Nye,* 126 Pa. St. 341; 12 Am. St. Rep. 873; *Hiram* v. *Griffin,* 8 Bush, 262; *Randall* v. *Randall,* 37 Mich. 563; *Estate of Young* v. *Hicks,* 92 N. Y. 235; *McLaren* v. *Bradford,* 52 Ga. 648; *Dutton* v. *Dutton,* 30 Ind. 452; *Robertson* v. *Robertson,* 25 Iowa, 350; *Loud* v. *Loud,* 4 Bush, 453; *Hutton* v. *Duey,* 3 Pa. St. 100; *McCubbin* v. *Patterson,* 16 Md. 179.) This action was properly brought as an equitable action, and the court, as a court of equity, had jurisdiction over the matter. (*Bolman* v. *Overall,* 80 Ala. 451; *Johnson* v. *Branch,* 48 Ark. 535; *Dean* v. *Superior Court,* 63 Cal. 473; *Estate of Hudson,* 63 Cal. 454; *Duff* v. *Duff,* 71 Cal. 513; 87 Cal. 104; Pomeroy's Remedies and Remedial Rights, sec. 267.)

*Haskell & Meyer,* for Respondents.

Residence of the wife upon the property was not necessary, to entitle her to have the property set aside. (*In re Sharp,* 78 Cal. 485; *In re Bowman,* 69 Cal. 246; *In re Noah,* 73 Cal. 590; 2 Am. St. Rep. 834.) The order setting apart the homestead was appealable, and the appellant lost his rights to have the decree set aside by failure to appeal. (*Gruwell* v. *Seybolt,* 82 Cal. 8; Code Civ. Proc., sec. 963, subd. 3; *Estate of Burns,* 54 Cal. 223; *Kearney* v. *Kearney,* 72 Cal. 591.) The deed of separation was void, as it altered the legal relations of the parties thereto. (Civ. Code, sec. 159.) The deed of separation, if valid, did

not bar the widow's right to a probate homestead. (*Eproson* v. *Wheat,* 53 Cal. 715.)

VANCLIEF, C.—This is an action to set aside and annul an order of the superior court of Sonoma County designating and setting apart a homestead to the defendant Sarah, as the widow of Richard Comerford, deceased, on the alleged ground of fraud in its procurement.

The court sustained a general demurrer to plaintiff's complaint, and as plaintiff declined to amend, gave judgment for the defendants.

The plaintiff appeals from the judgment, and contends here that the court erred in sustaining the demurrer.

The complaint shows that on August 11, 1888, Richard Comerford and the defendant Sarah, being husband and wife, executed a written agreement, as follows: —

"That the said parties have agreed, and hereby agree, to live separate and apart from each other henceforth, and to divide the community property between them as herein provided.

"Sarah Comerford to have the custody of their minor child, Philip P. Comerford, and provide for the support of said child. All the real estate situate in Sonoma County, state of California, which Richard Comerford has hitherto deeded to Sarah Comerford, shall remain and become her separate estate, free from all claim of the said Richard Comerford in law or equity, and he hereby waives all claim to the same as husband, and all right to the same at her death by reason of his relation as husband. He hereby also sells to her all the chattel property now upon the said ranch constituting their present home. The said Richard Comerford also hereby deeds to said Sarah Comerford all lots of land situate in Alameda County now belonging to him, or in which he has any interest, to be and become in like manner her separate estate, free from all claim of the said Richard Comerford. And in consideration of the aforesaid conveyance to her, the said Sarah Comerford pays to the said Richard Comerford the sum of three thousand five hundred dol-

lars, gold coin of the United States of America, the receipt whereof is hereby acknowledged by the said Richard Comerford, and the said sum shall be the separate estate of the said Richard Comerford, and to it Sarah Comerford relinquishes all right, as his wife, in law or equity, or by descent; and each party shall have hereafter no claim upon the other for support or sustenance. The said Richard Comerford to surrender the possession of all the said premises and property to said Sarah Comerford, and leave her in the sole occupation of the same.

" These presents to bind said parties during their relative lives, unless vacated by the joint deeds of revocation of said parties.

" In witness whereof, the said parties hereunto set their hands and seals this eleventh day of August, 1888.

" RICHARD COMERFORD.<br>" SARAH COMERFORD."

That this agreement had been duly acknowledged and recorded in the counties of Sonoma and Alameda; that upon the execution of this agreement the parties thereto immediately separated and never again lived together.   The wife, with her minor son, — the defendant Philip, — removed to Alameda County upon the lots described in the agreement as being there situated, and continued to reside there until after the order in question, setting apart to her a homestead, was made, and never, after the execution of said agreement, asked or received any assistance or support from her husband, nor complained that the agreement was not fair.

With the three thousand five hundred dollars received by the husband as per agreement, he purchased a lot of land in Sonoma County containing seven acres, a deed for which he procured to be executed to himself and his eldest son, who had remained with him, and on which he resided until February 10, 1890, when he died intestate, leaving no other property than his interest in said lot.

On February 18, 1890, the defendant Sarah applied

for letters of administration on his estate, and was appointed administratrix on March 3d.   On March 6th she published the requisite notice to creditors, and on March 10th filed an inventory of the estate, in which the said lot was described as the only property of the estate.   On the day of the filing of the inventory (March 10th), she filed her petition for an order setting apart to her as a homestead the said lot of seven acres, which stated, among other things, " that said decedent during his lifetime resided upon said tract of land, and that she had been residing there since his death," but which stated nothing about the deed of separation, nor the fact of separation.   Thereafter, on March 24th, the court made the order setting apart the lot to her alone as a homestead, absolutely and without any limitation as to time. That plaintiff was a creditor of Richard Comerford at the time of his death, and within the time limited by the notice to creditors presented his claim to the administratrix for allowance, and that it was allowed by her on June 4, 1890, and by the judge of the court on June 9, 1890; that plaintiff first learned that the order setting apart the homestead had been made on June 4, 1890, — more than sixty days after that order had been entered.

The complaint charges that the statement in the petition for a homestead, to the effect that defendant had resided on the lot of seven acres since the death of her husband, was willfully false, and made with intent to deceive and mislead the court, by falsely suggesting that she had resided upon said lot with her husband immediately before and at the time of his death; and also that she intentionally and willfully suppressed and concealed from the court the said agreement to separate from her husband, and the fact of separation according to the agreement, for the purpose of deceiving and misleading the court; and that such false statement and suggestion as to her residence, and the concealment of the deed and fact of separation, did deceive and mislead the court to believe that she had resided with her husband as a part of his family immediately before his death, and that

there had been no separation, and thereby induced the court to make the order setting apart the homestead.

It is further alleged that plaintiff thereafter moved the court in which the order was made to set it aside on the grounds above stated, and that the court denied this motion.

I think the court erred in sustaining the demurrer to the complaint.

1. It seems clear that defendant was not entitled to the homestead which was set apart to her, even for a limited period. In consequence of the agreement of separation, which had been fully executed on the part of the husband, and the fact of separation in accordance with the terms of the agreement, she was not a member of his family at the time of his death, nor at any time after the separation; and therefore, upon his death, was not entitled to a family allowance out of his estate, under sections 1465, 1466, and 1468 of the Code of Civil Procedure (*Estate of Noah*, 73 Cal. 583; 2 Am. St. Rep. 829; 88 Cal. 472); and since I think the setting apart of a homestead by the court from the separate property of the husband, as required by section 1465, " for the use of the surviving . . . . wife . . . . and the minor children, or . . . . for the use of the minor children," means the setting of it apart for the temporary use of the *family* in the sense in which the word " family " is used in sections 1466 and 1468, it follows that the surviving wife is not entitled to such homestead, unless she had been a member of her husband's family immediately before and at the time of his death.

Another consequence of the deed and fact of separation was to deprive the wife of the right to select any part of her husband's separate property as a homestead, under the homestead act, during his life; and it is well settled that " no property can be set apart by the probate court as a homestead which might not have been dedicated as such under the homestead act immediately preceding the death of the deceased." (*In re Ackerman*, 80 Cal. 208; 13 Am. St. Rep. 116; *In re Armstrong*, 80 Cal.

71; *Estate of Noah*, 73 Cal. 583; 2 Am. St. Rep. 829; 88 Cal. 472.)

By the agreement of separation the common property was fairly divided to the satisfaction of both parties, and each party relinquished all right to the share allotted and assigned to the other. As to the share allotted to the husband (three thousand five hundred dollars), the wife agreed that "the said sum shall be the separate estate of said Richard Comerford, and to it Sarah Comerford relinquishes all right, *as his wife*, in law or equity, or by descent; and each party shall have *hereafter* no claim upon the other *for support or sustenance.*"

I think the agreement, both as to the separation and the division of the common property, was fully authorized by sections 158 and 159 of the Civil Code, and is binding upon the parties; and that the wife thereby absolutely relinquished her right to select as a homestead, *during his life*, any part of the property thereby allotted to him as his separate estate; and consequently, as above shown, the court had no authority to set apart to her any part of it after his death.

In opposition to this view, counsel for respondents cite *Eproson* v. *Wheat*, 53 Cal. 715, in which it was held that the agreement of separation in that case did not bar the wife's right to a probate homestead. But in that case the agreement did not divide any property, but merely provided for a separation, and that the husband should pay the wife one hundred dollars per annum for her support during his lifetime. The wife relinquished no right to property; and the setting apart to her of a homestead, after his death, was not in contravention of any express or implied term of the agreement.

2. Counsel for respondent claim that the facts stated in the complaint do not constitute fraud of which plaintiff is entitled to complain. The complaint charges a willful suppression of a material truth, and the suggestion of a falsehood by defendant, with intent to deceive and mislead the court, to the prejudice of the creditors of the estate; and avers that such suppression and sug-

gestion had the intended effect, to the injury of the plaintiff, who was one of such creditors. I think this constituted fraud. (Pomeroy's Eq. Jur., secs. 901, 919, 1364; Civ. Code, sec. 1572, 1710; *Estate of Hudson,* 63 Cal. 454; *Dean* v. *Superior Court,* 63 Cal. 474.)

3. It is contended that plaintiff's only remedy was an appeal from the order setting apart the homestead.

No doubt that order was appealable. But conceding that plaintiff's relation to the case (that of a mere creditor of the estate whose claim had not been allowed) was such as would have entitled him to appeal from that order, yet he could have obtained no adequate relief by such appeal; since neither the fraud upon which this action is grounded, nor the fact that plaintiff was a creditor, could have been brought into the record on appeal from that order.

Nor did plaintiff have an adequate remedy by motion to vacate the order, even conceding that he was entitled to make such motion, and had made it within the proper time. To say nothing of the disadvantage of trying an issue of fraud on such a motion, he could not have appealed from an order denying the motion, because the order sought to be vacated, viz., the order setting apart the homestead, was itself an appealable order. (*Eureka etc. R. R. Co.* v. *McGrath,* 74 Cal. 49; *Larkin* v. *Larkin,* 76 Cal. 323.) It will hardly be contended that a remedy for the wrongs complained of, thus restricted, is not defective and inadequate, as compared with an original equitable action adapted to a thorough investigation of the issues, and in which all errors committed by the trial court may be corrected on appeal.

I think the judgment should be reversed and the cause remanded, with instructions to the court below to overrule the demurrer and proceed in the cause.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded, with in-

structions to the court below to overrule the demurrer and proceed in the cause.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.

Hearing in Bank denied.