In the Matter of the Estate of JOHN R. PARK, Deceased; ANNIE F. A. HILTON, Petitioner and Appellant, v. SAMUEL W. STEWART, Executor, Respondent.

### No. 1370. (69 Pac. 671.)

**Husband and Wife: Separation: Administration: Family Allowance.**

Where husband and wife had for many years before his death lived apart, under an agreement, and she was not dependent on him for support, she was not entitled to a family allowance on his death, as the statute granting the allowance was intended to make immediate provision, on a husband's death, for his family, to continue during the administration of the estate.

(Decided July 21, 1902.)

Appeal from the Third District Court, Salt Lake County.— *Hon. W. C. Hall,* Judge.

The opinion states the case. From an order denying the petition, the petitioner appealed.

REVERSED IN PART AND REMANDED.

25 Utah—11

*N. V. Jones, Esq.,* and *Messrs. Powers, Straup & Lippman* for appellant.

*Messrs. Bennett, Sutherland, Van Cott & Allison, Messrs. Pierce, Critchlow & Barrette* and *Messrs. Stewart & Stewart* for respondent.

BARTCH, J.—The petitioner herein presented a petition to the court, praying that she be adjudged to be the surviving wife and widow of John R. Park, deceased; that she be allowed a certain sum per month out of the estate of the deceased for maintenance and support pending the administration and final settlement of the estate; and that she be adjudged to be the owner of, and entitled to one-third in value of, all the legal and equitable estate in real property of which the decedent was seized and possessed at the time of his death. The court denied the petition, finding and holding that the petitioner was never the lawful wife of the deceased, and was neither entitled to a family allowance nor a distributive share of the decedent's estate. This appeal is from the order of the court denying the petition.

For our decision of all the material questions of law presented herein, except that relating to family allowance, we refer to our opinion in the case of Hilton v. Roylance (decided at the present term), 25 Utah 129, 69 Pac. 660. Upon the authority of that case, this one must be reversed, with costs, except as to the matter of family allowance. While we are of the opinion that the petitioner was the lawful wife and widow of the deceased, still, from the facts in evidence, we are unable to say that the court erred in refusing an allowance for her maintenance pending suit. The statute providing for family allowance was doubtless intended to make immediate provision for the family when the head of it is removed by death, and such provision is to continue during the administration of the decedent's estate. In this case there was no

family, except the wife, and she did not constitute the immediate family of the deceased; she and her husband having many years ago agreed to live separate and apart from each other, and had so lived up to the time of his death. She was therefore never dependent upon him for support, and we think, under all the circumstances, the court properly refused an allowance. 1 Woerner, Adm'n, 184; In re Noah's Estate, 88 Cal. 468, 26 Pac. 361; Hettrick v. Hettrick, 55 Pa. 290; Odiorne's Appeal, 93 Am. Dec. 683.

The cause must be remanded, with directions to the court below to proceed in accordance herewith. It is so ordered.

MINER, C. J., and BASKIN, J., concur.