[L. A. No. 14049. In Bank.—June 28, 1934.]

BANKERS TRUST COMPANY (a Corporation), Appellant, v. FRANCES WEST PATTON et al., Respondents.

Overton, Lyman & Plumb for Appellant.

Everett W. Mattoon, County Counsel, S. V. O. Prichard and Beach Vasey, Deputy County Counsel, Libby & Sherwin, Warren E. Libby, Roane Thorpe and Louis Thomsen, for Respondents.

SHENK, J. — This is an appeal from a judgment in favor of the defendants in an action to impress a trust upon certain real property or the proceeds thereof.

Pending trial in the action and pursuant to stipulation the real property was sold and the net proceeds of the sale impounded with the clerk of the court subject to the judgment of the court. After judgment for the defendants was rendered and before notice of appeal was filed, the defendant Frances West Patton, through her counsel the defendant Louis Thomsen, withdrew the proceeds represented by two warrants, one drawn to the defendant Thomsen in the sum of $506 as attorney fees allowed by the court, and the other in the sum of $2,609.71, in favor of the defendant Frances West Patton. An order to show cause why the moneys should not be restored, directed against the county clerk, the county auditor and the county treasurer, was discharged. The plaintiff also has appealed from that order and has joined said county officers as respondents in that appeal.

Chase West and the defendant Frances West Patton were the surviving children and the only heirs at law of Mary Chase West, who died on March 2, 1930, a resident of Des Moines, Polk County, Iowa. Frances West Patton and Chase West were appointed by the District Court in Iowa as the administrators of the estate. While the estate in Iowa was in course of administration and on March 24, 1930, there was filed on behalf of the defendant Frances West Patton, in the county of Los Angeles, her petition for letters of administration for the purpose of administering on certain real and personal property here belonging to said estate. The defendant Frances West Patton did not disclose to the probate court in Los Angeles County that the estate of Mary Chase West was also in process of administration in Iowa, nor any of the other facts the failure to disclose which is claimed by the plaintiff to constitute a fraud by said defendant as against the plaintiff, who was a creditor of the estate in Iowa.

On November 14, 1930, the defendant Frances West Patton filed her first and final account in the probate proceedings in Los Angeles County and her petition for distribution to her as the assignee and sole distributee of the property in this state belonging to the decedent. Her account and report were settled and allowed and a decree of distribution in accord therewith was granted on December

1, 1930. That decree became final. The present action was filed on January 28, 1932. The plaintiff herein sought to have the defendants Frances West Patton and Louis Thomsen, who acted as her attorney in the administration proceedings in Los Angeles County, declared trustees and to have the proceeds from the sale of the property in this state, without deduction for administratrix's or attorney's fees, transmitted to the probate court in Iowa for administration in the proceedings pending therein. The complaint alleged facts which admittedly disclose that the estate in Iowa is insolvent and that the assets there are insufficient to pay all of the allowed claims of creditors. As grounds for the relief sought the plaintiff charged that the defendant Frances West Patton intentionally and wilfully concealed from the probate court in Los Angeles County the fact of the administration of the estate in Iowa and the fact of its insolvency, which the plaintiff contends constituted a fraud against it and other creditors in Iowa.

The trial court found that the defendant Frances West Patton did not wilfully or intentionally conceal any facts in connection with either of said estates which she was by law required to disclose or state, but that she at all times acted in good faith; that she believed in good faith at the time of filing said account and at the time of distribution of the California estate and at all times involved that the assets of said Iowa estate were and would be sufficient to pay all Iowa claims including the claim of the plaintiff herein.

It may not be seriously questioned that the case alleged by the plaintiff is one which, if proved, would afford it the relief sought. It is assumed that the wilful suppression in bad faith of material facts in probate proceedings by which the plaintiff and other creditors would be deprived of property and assets to which they would otherwise become entitled in satisfaction of their claims would constitute an extrinsic fraud against which equity could grant relief by discharging the distributees as trustees, even though the decree of distribution itself be not disturbed. (*Estate of Hudson*, 63 Cal. 454, 457; *Wickersham* v. *Comerford*, 96 Cal. 433 [31 Pac. 358]; *Curtis* v. *Schell*, 129 Cal. 208 [61 Pac. 951, 79 Am. St. Rep. 107].) We indulge this assumption without discussion of what might have been done under section

1040 of the Probate Code if the facts herein had been disclosed to the court in Los Angeles County at the time distribution was ordered. A discussion of that question is unnecessary in view of the determination of other questions presented.

The principal question for determination is whether certain findings of the trial court are supported by the evidence. These findings are that Frances West Patton did not know, on December 1, 1930, when the decree of distribution was made, or at the other times herein involved, that the assets of the estate in Iowa were or would be insufficient to satisfy the claims of creditors in Iowa, but that she believed in good faith at all of such times that the assets of the estate in Iowa were and would be sufficient to pay all Iowa claims including the claim of the plaintiff, and that she did not learn of the plaintiff's deficiency judgment until subsequent to December 1, 1930. Under the particular facts of this case the question whether the defendant Frances West Patton was acting in good faith was primarily for the trial court to determine; and if there is support in the evidence for its conclusion, i. e., unless it be shown that there is no substantial evidence to support the conclusion that she did not know, or unless it be shown as a matter of law that she should have known the facts, the judgment may not be disturbed.

The Iowa estate of Mary Chase West consisted of real and personal property. The personal property was sold on March 28 and October 7, 1930, for a total sum of approximately $5,100. It was stipulated that in the course of administration in Iowa, claims against the estate totaling $13,691.85 were filed and allowed. Of this sum $9,333.07 represented deficiency judgments under mortgage foreclosures. The balance of $4,358.78 represented general claims against the estate. The plaintiff held a mortgage in the sum of $10,000 on a piece of property belonging to the estate the value of which, at the time of taking the mortgage, it had appraised at the sum of $27,000. A mortgage for $35,000 held by Penn Life Insurance Company on a portion of the real property was foreclosed on September 10, 1930, and a sale under foreclosure held on November 1, 1930, and no deficiency judgment taken. The mortgage held by the plaintiff was foreclosed by decree on October

8, 1930, and at foreclosure sale held on November 15, 1930, one day after the final account in the California proceedings was filed, the plaintiff bid in the property covered by the mortgage at $5,000 and took a deficiency judgment in the sum of $5,833.07. The balance of $3,500 of the claims represented by deficiency judgments is the amount of a deficiency judgment taken against the estate resulting from a foreclosure sale, held on January 17, 1931, of property which the decedent prior to her death had conveyed to her son subject to a $15,000 mortgage, and which was sold under foreclosure for the sum of $12,500.

The defendant Frances West Patton arrived in Iowa in January, 1930, and remained there until October of the same year, when she came to California and has not since returned to Iowa. Notice to creditors in the California proceeding was duly published. Frances West Patton has not been charged with, and she is not chargeable with, any act to prevent the plaintiff's acquiring knowledge of the California proceedings, nor any act calculated to mislead the plaintiff or to prevent it or the other creditors acting in accordance with their best interests in respect thereto. On the contrary, it appears that the plaintiff had actual knowledge of the administration in California but filed no claim in the probate proceedings here. It further appears that at the time petition for letters of administration was filed in this state, there existed a $7,500 mortgage against the real property to be administered which was owned by six members of the Chase family, including Chase West and the defendant Frances West Patton, through administration of the estate of Charles Chase in Iowa. The defendant Frances West Patton was able to settle the claims of all owners of the mortgage and discharge the lien on the real property for the total sum of $1,064.

The record supports the trial court's conclusion that neither of the coadministrators of the Iowa estate had actual knowledge, or sufficient information which as a matter of law might be said to give them notice, of the plaintiff's intention to take a deficiency judgment under its mortgage. In some respects the evidence is conflicting, but it cannot be said that the findings of the trial court that

the failure to inform the probate court here was neither wilful nor in bad faith are without support in the evidence.

The cases relied upon by the plaintiff do not compel a different conclusion. In those cases, such as *Wickersham* v. *Comerford, supra, Curtis* v. *Schell, supra, Sohler* v. *Sohler,* 135 Cal. 323 [67 Pac. 282, 87 Am. St. Rep. 98], and *Simonton* v. *Los Angeles T. & S. Bank,* 192 Cal. 651 [221 Pac. 368], acts clearly amounting to a wilful suppression of a material fact were involved. The plaintiff contends that the defendant Patton must have intended to do what she actually did, viz., fail to divulge the facts to the court in California, and that this state of her mind was sufficient to constitute a wilful suppression under the cases relied upon. There was, however, no absolute duty on her part under the provisions of section 1040 of the Probate Code to present the facts involved unless the failure to do so amounted to active suppression in bad faith, or other circumstances were present which would constitute such act or omission a fraud upon the plaintiff. Bad faith, therefore, was a necessary additional element under the facts of the case which must be shown before the defendant may be found guilty of any fraudulent act or omission as to the plaintiff so as to charge her as a trustee. As stated, there is support in the evidence for the trial court's conclusion on this phase of the case.

Furthermore, pursuant to said section 1040 of the Probate Code the plaintiff itself, had it so chosen, could have applied to have the court exercise the discretion vested in it. The plaintiff had actual knowledge of the condition of the probate proceedings in California from their inception and could have filed a creditor's claim in the proceedings here. It did nothing until more than a year after final distribution and nearly two years after letters issued in this state, and after the mortgage on the real property in this state had been satisfied. On any view of the case, therefore, no compelling reason is presented which would justify us in disturbing a judgment that the plaintiff is not entitled to any equitable relief as against the defendant Frances West Patton.

This conclusion renders it unnecessary to consider the findings respecting the good faith of the defendant Louis Thomsen, as attorney for his co-defendant in the matter of

the probate proceedings in this state. The record shows that his knowledge was no different from hers and no contention is made that he may be held to have acted in bad faith so as to be liable to the plaintiff, if the finding as to the good faith of his client be upheld. Inasmuch as the judgment must be affirmed, the same result would follow the order discharging the order to show cause.

Judgment and order affirmed.

Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.