## In re HARPOLE'S ESTATE.

District Court of Alaska. First Division.   Ketchikan.
Jan. 14, 1942.

McCain & Stearns, of Ketchikan, for appellant.
Ziegler & King, of Ketchikan, for appellee.

ALEXANDER, District Judge.

This is an appeal from the decision of the Probate Court, Ketchikan Precinct, refusing to allow the widow's petition that all monies and property of whatsoever kind, nature or description remaining in said estate after the payment of the expenses of administration of said estate, be adjudged and decreed her sole, separate and absolute. property, and that the administratrix therein be ordered and directed forthwith to deliver same to said widow.

The facts in this case, as the same appear from the record herein, are substantially as follows:

That Lee Harpole died at Unalaska, Alaska, on December 7, 1940, and was at the date of his death a resident of Cape Sarichef, near Unalaska, Alaska; that he left an estate located in the Ketchikan Precinct, First Division of Alaska, according to the "Petition for Probate of Will" filed herein, of the probable value of $1,200.

That said decedent left a will, whereby he devised or attempted to devise, to Maud Lindsey, the petitioner herein, all of his property of every kind and character except $1 each to his brother, Fred Harpole, his sister, Adaline Newman, and to Mrs. Agnes Harpole (his wife), and appointed said Maud Lindsey sole executrix of his last will, without bond.

On or about December 11, 1940, Maud Lindsey Silva, the same person named in deceased's will as executrix thereof, filed her petition in the Probate Court for the Territory of Alaska, First Division, Ketchikan Precinct, praying that she be appointed executrix of said will and estate.

Thereafter petitioner was duly appointed executrix of said will and estate, and proceeded to administer the same until on or about May 21, 1941, when a petition was filed by the widow of said deceased, praying that all said estate, after the payment of the expenses of the administration thereof, be adjudged and decreed her sole, separate and absolute property.

To said widow's petition the executrix and principal legatee under the will of said deceased, filed her "Objections to Granting the Widow's Petition," on the grounds:

"1—That said decedent executed his Last Will and Testament on April 17, 1940, and that the same was duly admitted to probate in the above entitled court and estate; that by the terms of said document said decedent bequeathed the sum of $1.00 to his wife, Agnes Harpole, petitioner named in said petition, and that the provisions of Sec. 4407, CLA, 1933, providing for an award for the support of the widow and minor children of decedent, upon which petitioner relies, are applicable only to cases wherein decedent died intestate.

"2—That said Agnes Harpole and her husband, Lee Harpole, had separated and were living separate and apart from each other at the time of his death, and that prior thereto, to-wit, on Jan. 17, 1940, said Agnes Harpole had instituted an action for divorce against said decedent in the District Court for the Fourth Division of Alaska, No. 4442, which action was pending at the time of decedent's death on Dec. 7, 1940; that if said Code provision is held to be applicable in this case notwithstanding the decedent died testate, said petitioner is not entitled to have her petition granted for the reason that the design of said statute is to furnish necessary support for the widow and minor children, if any, of a decedent during the period of administration of his estate, and that since the widow of Lee Harpole was not receiving any support from him at the time of his death, or for a long time prior thereto, and since she was in fact living separate and apart from him at the time of his death, and for a long time prior thereto, said Code provisions are not applicable in this case and said petition should therefore be denied."

Neither of the objections to granting the widow's petition are valid nor tenable.

As to the first objection,—"That the provisions of Section 4407, C.L.A. 1933, * * * are applicable only to cases wherein decedent died intestate," this court knows of no authority for such contention, nor have any been furnished by the executrix or her counsel to support such contention; and the second objection relied upon by the executrix,—"That said Agnes Harpole and her husband, Lee Harpole, had separated and were living separate and apart from each other at the time of his death, and that prior thereto * * * said Agnes Harpole had instituted an action for divorce against said decedent * * * and that since the widow of Lee Harpole was not receiving any support from him at the time of his death, or for a long time prior thereto, and since she was in fact living separate and apart from him at the time of his death, and for a long

time prior thereto, said Code provisions are not applicable, in this case," is also untenable.

Our statute, Section 4407, C.L.A., provides: "Section 4407. Award for Support of Widow and Children. After filing of the inventory, should the deceased have died leaving a widow or minor children the Commissioner, upon such notice as may be by him fixed, upon being satisfied that the funeral expenses, expenses of the last illness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving widow or minor children property of the estate not exceeding the value of $4,000.00, exclusive of any mortgage or mechanic's, laborer's or other lien upon the property so set off which property so set off shall include the home and household goods, if any, and all property of deceased exempt from execution, and such award shall be by an order or judgment of the commissioner and vest the absolute title, and there shall be no further administration upon such portion of the estate so set off and awarded, but the remainder of the estate, if any, shall be settled as other estates. The property thus set apart, if there be a widow, shall by such judgment be decreed her property to be used and expended by her for the maintenance of herself and minor children of deceased, if any, or, if there be no widow, it shall be decreed the property of the minor child or, if there be more than one, of the minor children," etc.

█ This statute is mandatory, in that it provides that: "After the filing of the inventory, should the deceased have died leaving a widow or minor children, the commissioner * * * upon being satisfied that the funeral expenses, expenses of last illness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving widow or minor children property of the estate not exceeding the value of $4,000.00, * * * and such award shall be by an order or judgment of the commissioner and vest the absolute

title, and there shall be no further administration upon such portion of the estate so set off and awarded, * * *. The property thus set apart, if there be a widow, shall by such judgment be decreed her property to be used and expended by her for the maintenance of herself and the minor children of deceased," etc.

If further evidence is needed of the mandatory character of the section of the statute above referred to and quoted in part, the same may be found in Section 4409, C.L.A., which provides: "Section 4409. When Whole Estate Awarded to Widow and Children. No other or further awards to the widow and children shall be made from the estate of the deceased for her or their maintenance and support except that, should the value of the estate not exceed the sum of two hundred dollars over and above the sum of four thousand dollars (provided for in Sec. 4407) the commissioner may, upon petition filed for that purpose, by decree provide that the whole estate, after payment of funeral expenses, expenses of last illness, and of administration, be set apart for the widow and minor children in like manner and with like effect as provided in the three preceding sections, for the support of the widow and minor children."

It therefore plainly appears from the reading of the above noted sections of our statute, that it was the intention of the Legislature, as expressed in plain and mandatory language, that there shall be set aside by the Commissioner for the exclusive use of the widow and minor children of the deceased, the sum of $4,000 subject only to the payment of funeral expenses, expenses of last illness and of administration. Nor is there any provision anywhere in our statute to the effect that the statutes above noted are applicable only to cases wherein decedent died intestate, nor making it necessary that the deceased and his wife be living together at the time of his death, nor that the widow be receiving any support from him at the time of his death.

I have examined all of the authorities cited by the executrix in support of her objections to the granting of the widow's petition herein, and find none that support her contentions.

Section 4406, C.L.A. 1933, is first cited by the executrix in support of her objections to the granting of the widow's petition herein. This section merely provides: "Section 4406. Provision for Widow and Minor Children Before Administration. Until administration of the estate has been granted and the inventory filed the widow and minor children of the deceased are entitled to remain in possession of the homestead, all wearing apparel of the family, and household furniture of the deceased, and also to have a reasonable provision allowed for their support during such period, to be allowed by the commissioner."

This section of the statute does not support the contentions of the executrix, but rather the contrary, that it was the declared purpose of the Legislature to provide for the support of the widow and minor children even before administration as well as during administration, and to protect the widow and children from want and destitution.

Neither do the authorities cited by the executrix support her position, as the following review of them will demonstrate:

In re Park's Estate, 25 Utah 161, 69 P. 671, the Utah statute is not quoted, but the court said: "The statute providing for family allowance was doubtless intended to make immediate provision for the family when the head of it is removed by death, and such provision is to continue during the administration of the decedent's estate. In this case there was no family except the wife, and she did not constitute the immediate family of the deceased; she and her husband having many years ago agreed to live separate and apart from each other, and had so lived up to the time of his death."

There is no such limitation in our statute as "family allowance" or that it shall continue "during the administra-

tion of the decedent's estate," nor was there any evidence in this case that the widow and the deceased had agreed to live separate and apart from each other as in the case cited. This case is therefore not in point.

In re Yoell's Estate, 164 Cal. 540, 129 P. 999, 1004, the widow and the deceased husband had entered into an agreement many years before for a property settlement, whereby she "renounced and waived all claim which she has or may have as heir of the husband or as his surviving wife." The court held that to be a valid agreement and not against public policy when no undue advantage is taken of either spouse.

It is not even contended here that there was any agreement for separation, or for a property settlement, and consequently this case is not in point.

"In Wickersham v. Comerford, 96 Cal. 433, 31 P. 358, the deceased and his widow had made a previous agreement both as to separation and all of their property, and the court held that the wife was estopped from making any further claim under the California statute. Therefore, this case is not in point for reasons stated in the Yoell case.

In re Banfield's Estate, 137 Or. 167, 296 P. 1066, 298 P. 905, 89 A.L.R. 504, involved an interpretation of the homestead law of Oregon and is not in point here. It does hold, however, that the right of decedent's husband to homestead exemption is subject only to the expenses of last sickness and funeral of decedent and charges of probate where there was not sufficient other property in the estate to meet such expenses, and that such statutes, being remedial, should be broadly construed.

In re Fulton's Estate, 15 Cal.App.2d 202, 59 P.2d 508, it appears that the widow and the deceased had separated in 1928. In 1931 the deceased brought an action for divorce on the grounds of desertion. His wife appeared and filed a cross complaint asking for an adjustment of certain property rights. In June 1932 the interlocutory decree of divorce was entered. From this the wife appealed to the

Supreme Court. In December, 1933, and while this appeal was pending the husband died. Prior to the decision of the Supreme Court in the divorce case the widow applied for and was granted a family allowance and later petitioned the probate court for a homestead and the setting aside to her of the exempt personal property. The court held that the surviving wife became his widow on the husband's death, notwithstanding that interlocutory divorce decree had been granted prior to his death, since interlocutory divorce decree does not dissolve the marital status, and as such that she was entitled to a widow's family allowance.

■ This coincides with my own views of a very similar situation in the instant case, to the effect that the widow of deceased is entitled to the benefits of Section 4407 of our Code, when, and as long as, she is the widow of the deceased, unless she has contracted away her right thereto, notwithstanding the fact she was living separate and apart from him and had filed suit for divorce.

■ In this jurisdiction, it was the apparent intention of the Legislature, expressed in plain and mandatory language, to give to the surviving widow and children the benefits of Section 4407 as an absolute right, and we think the statute, intended for so just and beneficent purpose, should be liberally construed in the interest of the widow and children and that any device by which the husband attempts to convey the property to other persons by will, to take effect after his death, is void as against their claim to have the property mentioned in Section 4407, C.L.A., set aside to them.

The Supreme Court of California has similarly construed its law. There it has been held the power of testamentary disposition of property as conferred and defined by statute is not paramount, but is subordinate to the authority conferred on the probate court to appropriate the property designated by the statute for the support of the family of the testator, and to set apart the homestead for the widow

and minor children as well as for the payment of debts. In re Kennedy's Estate, 157 Cal.517, 108 P. 280, 29 L.R.A., N.S., 428.

This is also the general rule in this respect as stated in 24 C.J. p. 253, Sec. 813, wherein it is said: "Testamentary provisions cannot of themselves interfere with the statutory right of the widow and children to support out of the estate, and hence a will disposing of all the testator's estate, making no provision for the widow, cannot affect her right to the statutory allowance, but in such cases she may claim her allowance or exemption without dissenting from the will."

We therefore hold that, in this jurisdiction, under our statutes, the widow (and/or minor children of the deceased, if any) are entitled under Section 4407, C.L.A. 1933, to have set off to them property of the estate not exceeding the value of $4,000, exclusive of any mortgage or mechanic's, laborer's or other liens upon the property so set off, subject only to the payment of funeral expenses, expenses of last illness and of administration, and that such property so set off shall include the home, household goods, if any, and all property of deceased exempt from execution, and that such award shall be by an order or judgment of the Commissioner and vest the absolute title in said widow and/or minor children, and that there shall be no further administration upon such portion of the estate so set off and awarded, but the remainder of the estate, if any, shall be settled as other estates, as provided by that section of our statutes, and that the widow herein is entitled to the provision made for her by Section 4407, C.L. A. 1933, absolutely and irrespective of any effort made by the deceased to dispose thereof by will.

The judgment of the Probate Court is therefore reversed, and judgment ordered entered in favor of the appellant for the entire estate (to the value of $4,000) after payment of the funeral expenses, expenses of last illness of the deceased and costs of administration, in consonance with this opinion.