*Decision will be entered under Rule 50.*

BEN MYERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13117. Promulgated April 30, 1948.

*Adele Walsh Moran, Esq.*, for the petitioner.
*A. J. Hurley, Esq.*, for the respondent.

730

OPINION.

HARRON, *Judge*: The only question in this proceeding is whether payments made by petitioner during the years 1942 and 1943 are periodic payments within the meaning of section 22 (k) of the Internal Revenue Code. If the payments do not come within section 22 (k), petitioner is not entitled to deduction under section 23 (u).

Roselyn Myerson received a divorce from petitioner in 1936. The record in this case indicates that the complaint she filed in the divorce action did not make claim for alimony after divorce. The divorce decree did not grant her alimony. After the final divorce, petitioner was not under any legal obligation to pay alimony to his former wife for her support, in the absence of an order to do so in the divorce decree. *Howell* v. *Howell*, 104 Cal. 45; 37 Pac. 770.

Under section 22 (k) of the Internal Revenue Code there must be a legal obligation in the husband to make periodic payments of alimony to his wife after divorce. Petitioner must first establish that he was under such legal obligation in the taxable year, 1943. In order to establish this fact in this proceeding, petitioner argues that the written agreement of May 27, 1935, was a written separation agreement under which he became legally obligated to make payments to his former wife for her support after divorce and until her remarriage. The agreement has been set forth, *in toto*, in the findings of fact. It is clear in its terms. It is an agreement which relates only to the custody of the children. It does not satisfy the requirements of section 159 of the Civil Code of California [1] as a contract in writing which would alter the legal relationship under California law relating to the husband's duty to support a wife. See *Fitch* v. *Tyler* (Cal. Sup. Ct., 1930), 288 Pac. 74; *Wickersham* v. *Comerford*, 96 Cal. 433; 31 Pac. 358.

---

[1] Section 159, Civil Code of California—Deering 1941 :

"SEC. 159. (*Contract altering legal relations: Separation agreement.*) A husband and wife cannot by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation, and may make provision for the support of either of them and of their children during such separation."

When petitioner and his wife separated in 1935, they did not enter into a written separation agreement by the terms of which petitioner's legal obligation to support his then wife was established. She remained his wife, though separated from him, until June 6, 1936, when a final decree of divorce was granted to her; and during the period of separation, until final divorce, the legal obligation of petitioner to support her continued, unchanged by any written agreement under section 159 of the Civil Code of California. Upon entry of the final decree of divorce, that obligation ended.

It is our understanding of the law of husband and wife in California that, if a wife relies upon a contract rather than upon a divorce decree as the source of a legal obligation in her husband to support her after divorce, such contract must be in writing, by virtue of the provisions of section 159 of the Civil Code. See *Fitch* v. *Tyler, supra.* Petitioner appears to recognize this rule of law. He contends that there was a written separation agreement which embodied provision for paying his former wife, after divorce, a minimum of $25 per week. The argument is that a clause at the end of the written agreement of May 27, 1935, incorporated an oral agreement into the written agreement by reference.

The argument is not sound, and it must be rejected. There was a clear and unambiguous agreement in writing on the custody of the children. There was an oral understanding on the support and maintenance of the wife and children which, for purposes of argument, we shall assume was an oral contract. The two agreements, written and oral, did not conflict. Neither did the oral agreement explain nor clarify the written agreement. In this respect the cases of *Sivers* v. *Sivers*, 97 Cal. 518; 32 Pac. 572; and *Buckner* v. *A. Leon & Co.*, 267 Pac. 693, and like cases which petitioner cites are not in point under the questions presented. The theory of petitioner, founded upon a resort to the parol evidence rule, would not satisfy the requirements of a written agreement under section 159 of the California Civil Code. *Fitch* v. *Tyler*, *supra.* Also, we do not have here integration in a written agreement. See Restatement of the Law of Contracts, vol 1, p. 307, pars. 228, 240.

We must conclude, therefore, that there was no written agreement which obligated petitioner to support his former wife after entry of the divorce decree in June 1936, within the requirements of section 159 of the Civil Code. It follows that in 1943 petitioner was not under a legal obligation to make periodic payments of alimony to his wife within the meaning of section 22 (k) of the Internal Revenue Code.

If the legal obligation to pay alimony after divorce is not found in the divorce decree, it may be found in a contract, and usually such contract is a separation contract. It may be true that an oral separation

agreement relating, *inter alia*, to support of the wife is enforceable in some jurisdictions; but in many jurisdictions such agreements, by statute, must be in writing. See 30 Corpus Juris 1061, par. 839.

The Congress has adopted the latter rule in section 22 (k) for purposes of the alimony deduction. Periodic payments (of alimony) must be in discharge of a legal obligation which is incurred by the husband under a *written instrument* incident to divorce, in order to come within the scope of section 22 (k). Petitioner was not making payments to his former wife in 1943 under a *written instrument;* there was none relating to support and maintenance. He adhered to his oral understanding which he had in 1935 as a matter of moral rather than legal obligation.

In this case two of the conditions precedent to obtaining a deduction for alimony payments under section 23 (u), read in conjunction with section 22 (k), are lacking; legal obligation in the husband, and a written instrument incident to the divorce. In any event, under section 22 (k), the legal obligation must be incurred under a *written instrument*. It is held that the payments in question, which were made by petitioner in 1943 to his former wife, do not come within the scope of section 22 (k), and, therefore, deduction under section 23 (u) is denied. Cf. *Frederick S. Dauwalter*, 9 T. C. 580.

*Decision will be entered for the respondent.*