(November 29, 1899.)

## ELLIOTT v. PORTER.

[59 Pac. 360.]

JUDGMENT—CONCLUSIVE OF ALL QUESTIONS INVOLVED.—The judgment of a court of competent jurisdiction, so long as the same is unreversed, is conclusive of all questions involved in the issues, presented by the pleadings and passed upon by the judgment of such court as to parties and privies.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Eugene O'Neill, for Appellant.

This case having been adjudicated in the probate court as to the ownership of the property involved, the decision of the district court reversing that unappealed adjudication is a readjudication of a former adjudication and is *ex necessitate* wrong. The rule of law, we contend, is the judgment of a court of competent jurisdiction directly upon the point is, as a plea, a bar and as evidence conclusive between the same parties and privies upon the same matter directly in another court. (*Love v. Waltz,* 7 Cal. 250; *Wiese v. San Francisco Musical Soc.,* 82 Cal. 645, 647, 23 Pac. 212; *Bell v. Alleghany County,* 184 Pa. St. 296, 63 Am. St. Rep. 795, 39 Atl. 227 et seq.; *Marsh v. Pier,* 4 Rawle, 273, 26 Am. Dec. 131; *Wann v. McNulty,* 7 Ill. (2 Gilm.) 353, 43 Am. Dec. 58; 9 Ency. of Pl. & Pr. 611, 612; *New Orleans v. Citizens' Bank,* 167 U. S. 388, 17 Sup. Ct. Rep. 905.)

James W. Reid, for Respondent.

The only question at issue is, "Did the court err in submitting the question of former adjudication to the jury?" I submit that it was not error. (9 Ency. of Pl. & Pr. 611; 1 Ency. of Pl. & Pr. 836; 36 Cal. 28; 42 Cal. 371; Winfield's Adjudged Phrases, 533.)

HUSTON, C. J.—In July, 1897, Elliott and Emery, as copartners, instituted a suit in the probate court of Nez Perces

county against Al. Lamott and William Ross for the recovery of
certain personal property, consisting of one set of double har-
ness and two horses, of the alleged value of $175. It seems
that some time prior to the institution of said suit the plaintiffs
and defendants therein had made a contract or agreement where-
in and whereby the said defendants agreed "to deliver, in Clear-
water river, in 1896, five hundred thousand feet of logs, at three
dollars per thousand for common lumber, and five dollars per
thousand for clear lumber," and plaintiffs therefore agreed to
convey and give title to a team of horses, with harness, called
"Pete" and "Barney," said horses and harness being same prop-
erty described in plaintiff's complaint, as pay for one hundred
thousand feet of said lumber agreed to be furnished by the said
defendants, the price of said horses and harness being estimated
at $300, and to pay for the balance of said lumber, to wit, four
hundred thousand feet, in supplies to be furnished to defendants
as required, at the rate of three dollars per thousand feet for
common lumber, and five dollars per thousand feet for clear lum-
ber. Separate answers were filed in said cause by both defend-
ants; also cross-complaints and answers to cross-complaints.
Upon the issues raised by these numerous pleadings (which
seem to have been simply to determine the title to the two horses
and harness described in the original complaint, and incidentally
the title to one hundred and eighteen thousand feet of lumber
claimed to have been delivered by defendants to plaintiffs in pay-
ment of said horses and harness), the case was tried by the pro-
bate court without a jury. The probate court found as facts,
*inter alia,* that the title to the horses and harness was in the
plaintiffs; that "the defendants . . . . placed on the bank of
Clearwater river, at a place called 'Big Island,' one hundred and
eighteen thousand feet of logs, by Ross' scale; that these logs
were not delivered under the terms of said agreement, and not
delivered at all, and remained and are the property of the de-
fendants." As conclusions of law from the facts stated, said
probate court found "that the plaintiffs are the owners and en-
titled to and to retain the possession of the horses and harness
described in the plaintiffs' complaint; that the defendants, Al.
Lamott and William Ross, are the owners of all the logs cut by

them, not delivered in the water, but left on the bank of the river"; and entered judgment accordingly, with costs in favor of plaintiffs. Subsequently to the rendition of the judgment by the probate court, the defendant, Porter, purchased of William Ross, one of the defendants in the original action, and who had become the sole owner of the same, the logs in question. Elliott, survivor of the firm of Elliott & Emery, seeks by this action to recover the value of said logs. Having, by the judgment of the probate court, recovered the purchase price of the logs, to wit, the two horses and harness, he now seeks in this action to recover the property which the defendants claimed they had paid as the purchase price of said horses and harness.

The probate court had jurisdiction of the parties and of the subject matter involved in the suit before that court. All of the issues passed upon by the probate court were fairly within the pleadings. No appeal was ever taken from the judgment of the probate court. Its judgment settled every question involved in the case before us. We think the law governing this case is properly and fully declared in *Marsh v. Pier,* 4 Rawle, 273, 26 Am. Dec. 131, as follows: "A judgment of a proper court, being a sentence or conclusion of the law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon the courts and juries, ever afterward, as long as it shall remain in force and unreversed." And the court adds in the same case: "A contrary doctrine, as it seems to me, subjects the public peace and quiet to the will or neglect of individuals, and prefers the gratification of the litigious disposition on the part of suitors to the preservation of the public tranquillity and happiness." The judgment of the district court is reversed, and the cause remanded, with instructions to enter judgment for defendant in the district court, costs of the appeal in favor of the appellant.

Sullivan, J., concurs.

QUARLES, J.—I concur in the conclusion reached in this case, but I do not concur in the conclusion that the probate

court had jurisdiction of the subject matter of the action brought by Elliott & Emery against Lamott and Ross.  I seriously doubt that probate courts have jurisdiction, under our constitution, of suits to recover specific personal property.  But, in my view, this question is not necessary to a determination of the case at bar, for which reason I will not discuss it.  In this case, the defendant, in his answer, sets up the proceedings in the case brought by Elliott & Emery against Lamott and Ross in the probate court, and, as the plaintiff here claims, as surviving partner of Elliott & Emery, he is estopped to claim the property in question by his acts in the case in the said probate court.  He cannot at one time disclaim title to that property, and then afterward assert it against the same party or the vendor of the latter. The conclusion reached is correct, but I am inclined to think a wrong reason is given for reaching it.  The judgment has been properly reversed.